UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VANDEMARK CHEMICAL, INC.,

                Plaintiff,

    v.                                                    **DECISION AND ORDER**
                                                                      12-CV-1067S

CSCS, INC.,

                Defendant.

        1.        On January 28, 2014, Plaintiff filed a Motion for Default Judgment against Defendant.  (Docket No. 35.)  For the reasons discussed below, this Court will grant Plaintiff's motion and award Plaintiff default judgment of $435,172.87 against Defendant.

        2.        Plaintiff filed its complaint in this action on November 2, 2012.  (Docket No. 1.)  Therein, Plaintiff alleges that Defendant breached an agreement to purchase 50,000 pounds of custom chemicals from Plaintiff for delivery to a third party (RadiciSpandex, Inc.). RadiciSpandex, Inc. accepted delivery of 36 drums of custom chemicals under two invoices, but Defendant failed to pay the $118,804.73 due and owing.  In addition, Defendant failed to request future shipments in breach of the agreement, which caused Plaintiff to incur raw material and packaging costs of $228,906, which could not be used for production of other chemicals.   Plaintiff seeks default judgment of $347,710.73, plus pre- and post-judgment statutory interest.

        3.        Before obtaining default judgment, a party must secure a Clerk's Entry of Default by demonstrating, through affidavit or otherwise, that the opposing party is in default.  FED. R. CIV. P. 55(a).  Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true.  Greyhound

Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); FED. R. CIV. P. 8(b)(6). Damages, however, must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

   4. Before entering default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of default judgment. FED. R. CIV. P. 55(b)(2). "In determining damages not susceptible to simple mathematical calculation, a court has the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing." DirecTV, Inc. v. Hamilton, 215 F.R.D. 460, 462 (S.D.N.Y. 2003) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1992)). A hearing is not required as long as the court ensures that there is a basis for the damages awarded. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

   5. The Clerk of Court entered default against Defendant on October 15, 2013. (Docket No. 32.) This was appropriate in light of Defendant's repeated failure to retain

counsel.[1]  See City of New York v. Mickalis Pawn Shop, 645 F.3d 114, 130 (2d Cir. 2011)(finding entry of default proper where corporate defendant withdrew its counsel without retaining a substitute); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305 (2d Cir. 1991)(finding entry of default proper where corporate defendant willfully disregarded order to appear through counsel).  As such, this Court views the factual allegations in the complaint that establish Defendant's liability as true.

6. Plaintiff seeks default judgment on its breach-of-contract claim.  To establish a claim for breach of contract, a plaintiff must demonstrate (1) that a contract between the parties existed, (2) that the plaintiff performed its obligations under the contract, (3) that the defendant breached its obligations under the contract, and (4) that the plaintiff suffered damages.  Terwilliger v. Terwilliger, 206 F.3d 240, 245-46 (2d Cir. 2000); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994); W.B. David & Co., Inc. v. DWA Commc'ns, Inc., No. 02 Civ. 8479, 2004 WL 369147, at *2 (S.D.N.Y. Feb. 6, 2004). As set forth above, Plaintiff has sufficiently set forth a claim for breach of contract.

7. Accordingly, this Court finds that Plaintiff is entitled to default judgment against Defendant on its breach-of-contract claim in the amount of $347,710.73, which includes $118,804.73 in expectancy damages for unpaid invoices, and $228,906 in reliance damages for the purchase of inventory.  See Hounddog Prods., LLC v. Empire Film Grp., Inc., 826 F. Supp. 2d 619, 629 (S.D.N.Y. 2011) (expectancy damages); Goodstein Constr. Corp. v. City of New York, 67 N.Y.2d 990, 991-92 (1986) (reliance

---

[1] Defendant was twice afforded the opportunity to retain counsel, as required.  See Docket Nos. 29, 33; Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel.").

damages).

8.      Plaintiff is also entitled to pre-judgment interest under the NY CPLR. See Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1101 (2d Cir. 1992) (noting that source of right to pre-judgment interest in diversity cases is NY CPLR §§ 5001 and 5002). As set forth in Plaintiff's memorandum of law (Docket No. 35-15), and supported by the evidence submitted with Plaintiff's Motion for Default Judgment, Plaintiff is entitled to § 5001 interest of $57,768.08 and § 5002 damages of $99.98 per day from October 16, 2013. Plaintiff is also entitled to post-judgment interest under 28 U.S.C. §1961. Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (applying 28 U.S.C. § 1961 for post-judgment interest).

9.      Consequently, Plaintiff's Motion for Default Judgment will be granted and judgment against Defendant will be entered accordingly.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Default Judgment (Docket No. 35) is GRANTED.

FURTHER, that Plaintiff is awarded $347,710.73 in damages against Defendant.

FURTHER, that Plaintiff is awarded $57,768.08 in statutory interest pursuant to NY CPLR § 5001.

FURTHER, that Plaintiff is awarded $29,694.06 in statutory interest pursuant to NY CPLR § 5002, for the period October 13, 2013, to August 8, 2014.

FURTHER, that the Clerk of Court is directed to enter a total judgment against Defendant in the amount of $435,172.87, consistent with this decision.

FURTHER, that post-judgment interest pursuant to 28 U.S.C. § 1961 will accrue from August 8, 2014.

FURTHER, that the Clerk of Court is directed to send a copy of this Decision and Order to Defendant at CSCS, Inc., 59 Greenhill Street, West Warwick , RI 02893, Attn: James Peltier.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: August 6, 2014
      Buffalo, New York

                                      /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                            Chief Judge
                                United States District Court